UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GABRIEL R. HULL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-CV-232-TAV-DCP |
| DELOY MILLER, *et al.,* | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel [Doc. 203], filed by Attorneys Perrie M. Weiner, Edward Totino, Kirby Hsu, Stephen Marcum, Amanda Fitzsimmons, and Michael Piazza ("Movants"), who all represent Defendant David Hall. Movants state that Defendant Hall has advised them that he wishes to proceed pro se. Defendant Hall has signed a Consent to Withdrawal of Counsel [Doc. 203]. Finally, the Motion includes Defendant Hall's current mailing address and telephone number.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is

> attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that the Motion to Withdraw as Counsel fully complies with the Local Rules. Accordingly, the Motion to Withdraw as Counsel [**Doc. 203**] is **GRANTED**. The Court expects Movants to provide copies of any relevant documents to any future counsel for the Defendant Hall or directly to Defendant Hall upon request. Attorneys Perrie Weiner, Edward Totino, and Kirby Hsu with the law firm of Baker & McKenzie, LLP; Attorney Stephen Marcum with the law firm Marcum & Petroff; Attorney Amanda Fitzsimmons with DLA Piper LLP; and Attorney Piazza with the law firm of McDermott Will & Emery LLP are **RELIEVED** of their duties as counsel for Defendant Hall.

Defendant Hall is hereby **ADMONISHED** that he is **DEEMED** to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Defendant Hall, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to David Hall at the address provided in the Motion to Withdraw [Doc.

203] and to update ECF accordingly.  Further, the Motions to Withdraw [**Docs. 200 and Doc. 201**]¹ are **DENIED AS MOOT.**

    **IT IS SO ORDERED.**

                                  ENTER:

                                  Debra C. Poplin
                                  United States Magistrate Judge

---

¹ The Court notes that [Doc. 201] was docketed as a Revised Motion to Withdraw, filed by Defendant Catherine Rector; however, the Motion pertains to Defendant David Hall.