UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GABRIEL R. HULL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-232-TAV-HBG |
| | ) | |
| DELOY MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This civil action is before the Court on periodic review. It has come to the Court's attention that a stipulation of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) was entered in this case in February 2018 [Doc. 137]. Lead plaintiffs Kenneth Gaynor, Marcia Goldberg, Christopher R. Vorrath, and Gabriel R. Hull and defendants Gerald Hannahs (*pro se*), Deloy Miller, Marceau N. Schlumberger, David M. Hall, Merrill A. McPeak, Don A. Turkleson, Bob G. Gower, Joseph T. Leary, Catherine A. Rector, Charles M. Stivers, William B. Richardson, MLV & Co. LLC, Maxim Group LLC, National Securities Corporation, Aegis Capital Corp., Northland Capital Markets, Dominick & Dickerman, LLC (f/k/a Dominick & Dominick LLC), Ladenburg Thalmann & Co. Inc. (n/k/a Ladenburg Thalmann Financial Services Inc.), and I-Bankers Securities, Inc. stipulated to the "voluntary dismissal without prejudice of Lead Plaintiff Hull as a plaintiff in this action and of Lead Plaintiff Hull's claims against all Defendants" [Doc. 137 p. 1–2].

The text of Rule 41 reads: "[T]he plaintiff may dismiss *an action* without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). And, the Sixth Circuit has interpreted Rule 41 to provide for the voluntary dismissal of an action, not a claim. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). In contrast, Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion." *Id.* (quoting Fed. R. Civ. P. 21). It thus appears that the action referenced above should have been closed at the time the stipulation of dismissal [Doc. 137] was entered.

Accordingly, plaintiffs are hereby **ORDERED** to show cause within **fourteen (14) days** of the entry of this order why the Court should not close the case, and defendants shall have **seven (7) days** from the filing of plaintiffs' response to reply.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE