UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GABRIEL R. HULL, on behalf of himself and )
all others similarly situated, )
)
Plaintiff, )
)
)
v. )      No. 3:16-CV-232-TAV-DCP
)
DELOY MILLER, *et al.*, )
)
Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel [Doc. 210], filed by Attorneys

Perrie M. Weiner, Edward Totino, Kirby Hsu, Stephen Marcum, Amanda Fitzsimmons, and

Michael Piazza ("Movants"), who all represent Defendant Catherine Rainey, formerly known as

Catherine Rector. Movants state that Defendant Rainey has advised them that she wishes to

proceed pro se. Defendant Rainey has signed a Consent to Withdrawal of Counsel [Doc. 210].

Finally, the Motion includes Defendant Rainey's current mailing address and telephone number.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the

following:

> (1) File a motion with the Court requesting permission to
> withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and
> telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the
> client or a consent to the withdrawal signed by the client is

attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;

(4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and

(5) Certify to the Court that the above requirements have been met.

The Court finds that the Motion to Withdraw as Counsel fully complies with the Local Rules. Accordingly, the Motion to Withdraw as Counsel [**Doc. 210**] is **GRANTED**. The Court expects Movants to provide copies of any relevant documents to any future counsel for the Defendant Rainey or directly to Defendant Rainey upon request. Attorneys Perrie Weiner, Edward Totino, and Kirby Hsu with the law firm of Baker & McKenzie, LLP; Attorney Stephen Marcum with the law firm Marcum & Petroff; Attorney Amanda Fitzsimmons with DLA Piper LLP; and Attorney Piazza with the law firm of McDermott Will & Emery LLP are **RELIEVED** of their duties as counsel for Defendant Rainey.

Defendant Rainey is hereby **ADMONISHED** that she is **DEEMED** to be proceeding pro se. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Defendant Rainey, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to David Rainey at the address provided in the Motion to Withdraw [Doc. 210] and to update ECF accordingly.

As a final matter, the Motion to Withdraw as Counsel [**Doc. 198**] is **DENIED AS MOOT.**

Further, the Motion to Withdraw Motion for Withdrawal as Counsel of Record for Catherine A. Rector [**Doc. 209**] is **GRANTED IN PART.** The Court deems [**Doc. 208**] as **WITHDRAWN,**[1] but there is no reason to permanently delete [Doc. 208] in CM/ECF.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[1] The Court notes that [Doc. 208] was filed by Defendant Catherine Rainey, but the Motion requests that Movants be allowed to withdraw from representing Defendant David Hall. The Court had already ruled on the motion to withdraw as counsel of record for David Hall. [Doc. 207].