UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GABRIEL R. HULL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:16-CV-232-TAV-HBG |
| | ) |
| DELOY MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiffs have responded [Doc. 220] to the Court's order to show cause [Doc. 215] why the Court should not close this case due to the filing of a stipulation of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [Doc. 137]. Defendants have replied to plaintiffs' response [Docs. 227, 228, 229, 230, 231], and this matter is ripe for resolution. Because the Rule 41 stipulation appears to have deprived this Court of jurisdiction to hear this case, and because even if it has not, no plaintiff remains in this action in federal court, the Court will close this case.

**I.  Analysis**

Plaintiffs acknowledge that Rule 41 dismisses actions, not a single party or claim [Doc. 220 p. 4].[1] Yet, they argue that the Court should not close this case because plaintiffs

---

[1]. The Court has already discussed this case's background in numerous orders, including most recently its December 2019 remand order [Doc. 183 p. 2–4]. Incorporating the background section therein by reference, the Court notes in particular that it ordered *Gaynor v. Miller*, 3:15-cv-545, *Goldberg v. Miller*, 3:15-cv-546, and *Hull v. Miller* consolidated under Rule 42(a) on November 7, 2016 [Doc. 86], plaintiffs filed the master consolidated complaint on January 5, 2017 [3:15-cv-545, Doc. 92], and the parties filed the stipulation of dismissal at issue on February 6, 2018 [Doc. 137].

did not intend to dismiss this action or the operative complaint when the parties filed a Rule 41(a)(1)(A)(ii) stipulation in three then-consolidated suits—this case, *Gaynor v. Miller*, 3:15-cv-545, and *Goldberg v. Miller*, 3:15-cv-546—purporting to dismiss "Lead Plaintiff Gabriel R. Hull's Claims Against All Defendants" [Docs. 137; 220 p. 1]. Thus, plaintiffs assert that those plaintiffs appointed lead plaintiffs in the consolidated action and not dismissed by voluntary stipulation remain in federal court in *Hull*, namely Kenneth Gaynor ("Gaynor"), Marcia Goldberg ("Goldberg"), and Christopher R. Vorrath ("Vorrath"). Defendants, on the other hand, contend that the stipulation was a proper voluntary dismissal under Rule 41(a)(1) that deprived this Court of jurisdiction [Docs. 227, 228, 229, 230, 231]. And, even if it did not do so, defendants maintain the case is inviable because no plaintiff remains in *Hull* after the Court's remand order [Doc. 227 p. 1–2]. Defendants have the better argument.

### A. The Court's Jurisdiction Subsequent to a Rule 41(a)(1) Dismissal

As the Court noted in its show cause order, the text of Rule 41 reads: "[T]he plaintiff may dismiss *an action* without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). The Sixth Circuit has interpreted Rule 41 to provide for the voluntary dismissal of an action, not a claim. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). In contrast, Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion." *Id.* (quoting Fed. R. Civ. P. 21). As defendants General Merrill A. McPeak, Joseph T. Leary, Marceau N. Schlumberger, Bob G. Gower, and Don A. Turkleson

("Individual Defendants") note in their reply, the Court previously ruled on the application of Rule 41 in *CNX Gas Co., LLC v. Miller Energy Res., Inc.*, No. 3:11-cv-362, 2014 WL 11638566, at *2 (E.D. Tenn. Jan. 8, 2014). In that case, the Court denied plaintiff's motion to dismiss a single defendant under Rule 41, ruling that "Rule 41(a)(2) applies to 'an action,' which the Sixth Circuit has interpreted as 'the entire controversy,' rather than 'claims,' which 'refers to what has traditionally been termed 'cause of action.'" *Id.* (quoting *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003)). The Court also noted that while other circuits take a differing view of Rule 41, "district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants." *Id.* (quoting *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cty., Ky.*, No. 12-58-ART, 2012 WL 3644968, at *2 (E.D. Ky. Aug. 24, 2012) (gathering cases)).

Rule 41 "empowers plaintiffs to 'abort a complaint' and bars the court from interfering, but only under circumstances that guarantee a lack of prejudice to the other side—that is, when unilaterally dismissing all claims against all defendants at the outset of the case under Rule 41(a)(1)(A)(i) or by getting all parties who have appeared to agree to dismissal under Rule 41(a)(1)(A)(ii)." *EQT Gathering*, 2012 WL 36449368, at *3 (citing *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). Rule 21, by comparison, requires court involvement to drop less than the entire action, which "risks prejudice to other parties" in a way that dropping all claims against all defendants does not.

3

*Id.* (citing *Lester v. Wow Car Co.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012)).

Considering this distinction between Rule 41(a)(1) dismissals and Rule 21 dismissals, it makes sense that a Rule 41(a)(1)(A)(ii) dismissal terminates the Court's jurisdiction over the action. *Dillon-Barber v. Regents of Univ. of Mich.*, 51 F. App'x 946, 951 (6th Cir. 2002) (holding with respect to Rule 41(a)(1)(A)(ii) dismissal "that the district court lacked jurisdiction to dismiss with prejudice those claims that had previously been dismissed without prejudice by stipulation of the parties"); *Hinsdale v. Farmers Nat. Bank & Tr. Co.*, 823 F.2d 993, 995 n.1 (6th Cir. 1987) (contrasting dismissal under Rule 41(a)(2) where court may "condition dismissal upon performance of and retain jurisdiction to enforce terms of a settlement agreement" and Rule 41(a)(1)(ii) dismissals where it may not); *see* 8 Moore's Federal Practice § 41.34 ("A voluntary dismissal by stipulation terminates the action immediately on filing.").[2]

---

[2.] *See also State Nat'l Insur. Co. v. Cty. of Camden*, 824 F.3d 399, 407 (3d Cir. 2016) ("A voluntary dismissal deprives the District Court of jurisdiction over the action."); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action."); *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 654 (D.N.M. 2012) ("[O]nce a Rule 41(a)(1) dismissal has been filed, 'the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.'") (quoting *Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004)).

The Court notes that the *Dillon-Barber* court did not quibble with the voluntary dismissal of only some of Dillon-Barber's claims by voluntary stipulation under Rule 41(a)(1)(A)(ii). 51 F. App'x at *4. However, the court does not appear to have been presented with the argument that Rule 41(a)(1)(A)(ii) does not permit voluntary dismissal of less than an entire action, unlike in this case.

4

And, as defendant Aegis Capital Corporation ("Aegis") argues, a Rule 41(a)(1)(A)(ii) stipulation of dismissal is "self-executing and does not require judicial approval." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997); *see also* 8 Moore's Federal Practice § 41.34 ("Approval or implementation of the stipulation by the court is unnecessary.").

Thus, it follows that when the parties filed a stipulation of voluntary dismissal "of Lead Plaintiff [Gabriel R.] Hull as a plaintiff in this action and of Lead Plaintiff Hull's claims against all Defendants" under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), citing that rule expressly [Doc. 137], the Court's jurisdiction over the action, *Hull v. Miller*, 3:16-cv-232, terminated immediately and automatically. As defendant Aegis contends [Doc. 230 p. 1], plaintiffs' argument that the court and the parties have "operated as though the *Hull* action remains pending" is unavailing [Doc. 220 p. 2] because "jurisdiction cannot be conferred upon the federal courts by consent." *Hinsdale*, 823 F.2d at 995. Plaintiffs also argue that defendants have waived their objection to jurisdiction because the deadline for filing dispositive motions has passed [Doc. 222 p. 2 n.1], but "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B.     Whether Consolidation Merged *Gaynor*, *Goldberg*, and *Hull***

Plaintiffs indicate in their response to the show cause order that they did not intend to dismiss the entire action or "the operative complaint—the Master Consolidated Complaint" [Doc. 220 p. 1], and they state that "three Lead Plaintiffs and all Defendants

5

remained in the consolidated action and independently the *Hull* action after the filing of the Stipulation" [*Id.* at 1–2]. This argument appears to rest on the assumption that the consolidation of *Hull* with *Gaynor*, 3:15-cv-545, and *Goldberg*, 3:15-cv-546, and the filing of a consolidated complaint eliminated the suits' independent identities. As the discussion below reveals, regardless of whether the consolidation merged *Hull*, *Gaynor*, and *Goldberg*, no plaintiff now remains in *Hull*.

Generally, as defendant Aegis contends [Doc. 230 p. 2] and as the Court noted in its remand order [Doc. 183 p. 18–19], "consolidated cases remain separate actions." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994). While it "is permitted as a matter of convenience and economy in administration," consolidation does not "change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412 (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)) (same). The Sixth Circuit recognized an exception to this general rule in *In re Refrigerant Compressors Antitrust Litigation*, stating that when a plaintiff "files an amended complaint that unifies claims initially brought separately, the cases merge into a single action so far as [the appealability of final decisions] is concerned." 731 F.3d 586, 589 (6th Cir. 2013) (citing *Klyce v. Ramirez*, 852 F.2d 568, 1988 WL 74155, at *3 (6th Cir. 1988) (unpublished)). If consolidated cases merged as to the appealability of a final decision, it follows that a court would treat them as merged for the purpose of considering

a Rule 41 dismissal. The Sixth Circuit clarified that only the filing of a master complaint that superseded the individual complaints would result in the merger of the separate actions; the filing of a complaint that was merely "an administrative summary of the claims brought by all the plaintiffs" would preserve each individual complaint's "separate legal existence." *Id.* at 590.

While acknowledging the master complaint here was likely an "operative pleading" and not merely an administrative document, *In re Refrigerant*, 731 F.3d at 590, the Court finds it unnecessary to decide whether consolidation merged *Gaynor*, *Goldberg*, and *Hull* for three reasons. First, the Supreme Court's ruling in *Hall* appears to have overruled the rule the Sixth Circuit articulated in *In re Refrigerant*,[3] undermining the conclusion that these cases merged for the purpose of considering the parties' Rule 41(a)(1)(A)(ii) stipulation of voluntary dismissal. The Supreme Court ruled in *Hall* that, regardless of district courts' ability to "consolidate cases for 'all purposes,'" "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable." 138 S. Ct. at 1131. This holding directly contradicts the Sixth Circuit's ruling in *In re Refrigerant* that consolidated cases, in which plaintiffs file an amended complaint, merge for the purpose of appealing a final decision. 731 F.3d at 589. Thus, it is not clear that the Court should treat *Gaynor*, *Goldberg*, and *Hull* as merged when analyzing the

---

[3.] *See Nettles v. Rumberger, Kirk & Caldwell, P.C.*, 276 So. 3d 663, 668 (Ala. 2018), *reh'g denied* (Nov. 16, 2018) (concluding that *Hall* resolved the circuit split articulated in *In re Refrigerant* between courts ruling consolidated cases retain their separate identities, always merge, or sometimes merge and sometimes remain distinct by finding that they always retain their separate identities as to the appealability of a final judgment).

7

effectiveness of the parties' Rule 41(a)(1)(A)(ii) stipulation of voluntary dismissal, and if the cases did not merge, then the filing of the stipulation terminated the Court's jurisdiction over *Hull* for the reasons discussed above.

Second, even if the Court applied *In re Refrigerant* to find that plaintiffs' filing of the master complaint merged *Gaynor*, *Goldberg*, and *Hull*, it would still be proper to close this case. Because the stipulation of dismissal was filed subsequent to the master complaint, if the master complaint superseded the individual complaints, merging the three original plaintiffs' suits into one action, then Rule 41(a)(1)(A)(ii) was an improper vehicle to dismiss a single plaintiff's claims against defendants since Rule 41(a) only permits voluntary dismissal of an entire action. Accordingly, the stipulation, while effectively dismissing plaintiff Hull,[4] would not have deprived this Court of jurisdiction over the consolidated action because only a proper Rule 41(a)(1) stipulation has that effect. *Green*, 111 F.3d at 1301 (noting that "[w]hile a properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval," a court "may decline to permit a voluntary dismissal").

---

[4.] Some courts confronted with an improper Rule 41(a)(1) stipulation, attempting to dismiss less than an entire action, have construed the stipulation as a motion to dismiss under Federal Rule of Civil Procedure 21 or a motion to amend under Rule 15(a). *See, e.g.*, *Stapleton v. Vicente*, No. 5:18-cv-504, 2019 WL 2494564, at *1 (E.D. Ky. June 14, 2019) (construing as a Rule 21 motion); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012) (construing as a Rule 15 motion); *Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-49, 2011 WL 3273531, at *1 (S.D. Ohio Aug. 1, 2011) (construing as a Rule 21 motion). This Court will construe the parties' notice as a motion to dismiss plaintiff Hull under Rule 21 and will grant it. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Yet, the Court's remand order vacated the order of consolidation and remanded *Gaynor* and *Goldberg* [Doc. 183 p. 20]; this means, contrary to plaintiffs' argument, that the amended complaint, which rested on the consolidation of the three suits, was rendered inoperative and the appointment of "lead plaintiffs" irrelevant. As a result, plaintiffs Gaynor and Goldberg, who must pursue their complaints in the state court where they originally filed them, and plaintiff Vorrath, who only joined the consolidated action [Doc. 88] and who moved for remand along with plaintiffs Gaynor and Goldberg [Doc. 155], are no longer plaintiffs in federal court. And, because plaintiff Hull was dismissed and no other plaintiff was ever substituted for him, no plaintiff remains in *Hull* over whose claims the Court could exercise jurisdiction if it had jurisdiction.

Third, the Court does not find that closing the case will prejudice plaintiffs. While arguing that the Court should not close *Hull*, plaintiffs state that if the Court decides to do so, they "are prepared to litigate this action in state court" [Doc. 220 p. 4]. Moreover, the plaintiffs now vying to stay in federal court—Gaynor, Goldberg, and Vorrath—all joined the renewed motion to remand [Doc. 155 p. 1], which the Court granted to the extent that the *Miller* actions beside *Hull* were remanded to Morgan County Circuit Court [Doc. 183 p. 20].

## II. Conclusion

Accordingly, the Court will **DISMISS** this case without prejudice because it lacks jurisdiction over this action due to the operation of Rule 41(a)(1), or in the alternative,

9

Case 3:16-cv-00232-TAV-DCP    Document 232    Filed 03/31/20    Page 9 of 10    PageID #: 3897

because no plaintiff remains in this action.[5] All pending motions are **DENIED as moot**, and the Clerk of Court is **DIRECTED** to **CLOSE** this file.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[5.] Dismissals pursuant to Rule 41(a) are without prejudice, unless otherwise specified in the stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(B). In this case, the stipulation stated that dismissal was without prejudice [Doc. 137 p. 1–2].